**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LINCOLN BRENNAN,** | **CIVIL ACTION NO.** |
| **Plaintiff,** | **2:24-CV-00582-NJB-MBN** |
| **V.** | **CHIEF JUDGE NANNETTE JOLIVETTE BROWN** |
| **LIBERTY MUTUAL INSURANCE COMPANY & THE HARTFORD INSURANCE COMPANY,** | **MAGISTRATE JUDGE MICHAEL B. NORTH** |
| **Defendants.** | |

**MEMORANDUM IN SUPPORT OF LIBERTY MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S PETITION FOR BREACH OF CONTRACT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, Liberty Mutual Insurance Company ("Liberty Mutual") files this Memorandum in Support of its Motion to Dismiss Plaintiff Lincoln Brennan's ("Plaintiff") Petition for Breach of Contract:

**I.**

**GROUNDS FOR THE MOTION AND STATEMENT OF THE ISSUE**

Liberty Mutual seeks dismissal of Plaintiff's Petition for Breach of Contract (Doc. 1-1) (the "Petition") pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Specifically, Plaintiff asserts state law causes of action of breach of contract, breach of fiduciary duty, arbitrary and capricious claim handling, and bad faith under La. R. S. 22 §1973.[1] However, these causes of action are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended ("ERISA"), as a matter of law. As further grounds for this Motion, Defendant Liberty Mutual asserts that it is not a party to the ERISA Plans or the Policies relevant to this action and should

[1] *See* Petition, at ¶¶ 13-15 and 17.

be dismissed. Accordingly, the allegations pled in the Petition in support of Plaintiff's claims, even if taken as true,[2] are insufficient to support the relief requested and Plaintiff's Petition against Liberty Mutual must be dismissed in its entirety with prejudice.

## II.

## ARGUMENT AND AUTHORITIES

### A. The Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted.[3] A court should dismiss a claim if it finds that the facts pled do not support a claim for relief, even assuming the allegations as pled are true.[4] Furthermore, in order to avoid dismissal, a party must plead sufficient information to outline the basis of its claim.[5] Plaintiff has failed to meet this burden with regard to the claims he has brought against Liberty Mutual in the Petition, and Liberty Mutual must be dismissed from this action.

Plaintiff's Petition directly refers to the disability benefits plan documents that govern the claim for disability benefits. Accordingly, a true and correct copy of Group Disability Income Policy No. GF3-890-455090-01 issued by Liberty Life Assurance Company of Boston (the "Liberty Policy") to Plaintiff's employer, Republic National Distributing Company ("Republic") is attached hereto as Exhibit A. Although Plaintiff did not attach this document to the Petition,

---

[2] For the purposes of the Motion to Dismiss, the Court must assume the facts alleged by Plaintiff in the Petition to be true. However, Liberty Mutual does not admit the truthfulness or accuracy of any factual allegation contained in the Petition by filing this Motion and Brief or by any statement contained therein.

[3] Fed. R. Civ. P. 12(b)(6).

[4] *E.g.*, *Ledesma v. Dillard Dep't Stores, Inc.*, 818 F. Supp. 983, 984 (N.D. Tex. 1993).

[5] *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (requiring a court to take factual allegations of the complaint as true, but to disregard conclusory allegations or legal conclusions masquerading as factual conclusions); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (holding that, in order to avoid dismissal for failure to state a claim, the Plaintiff must plead specific facts, not more conclusory allegations) (citation omitted).

numerous references are made in the Petition to disability benefit policy(ies) issued by Defendants.[6] Additionally, Plaintiff's claims are clearly predicated on the policy(ies) allegedly issued by Defendants. It is well-established that under such circumstances, Liberty Mutual may attach the Liberty Policy to the Motion to Dismiss and the Court may properly consider it in ruling on the Motion to Dismiss. *Parrino v. FHP, Inc.*, 146 F. 3d 699, 706 (9th Cir. 1998); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *Cortec Indus., Inc. v. Sum Holdings, L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). The Sixth Circuit has specifically held that the district court could consider plan documents that a defendant attached to a motion to dismiss, when the plaintiff referenced the plan numerous times in the complaint and the plan documents were central to plaintiff's claims. *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

**B. Plaintiff's State Law Causes of Action are Preempted by ERISA.**

As this Court is aware, the preemptive force of ERISA is so powerful that the Supreme Court has specifically held that it completely displaces any state law cause of action. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987). This presumption of federal law applies even if ERISA provides no remedy for the claim sued upon. *Duggins v. Fluor Daniel, Inc.*, 217 F.3d 317, 318 (5th Cir. 2000); *Cannon v. Group Health Serv. of Okla., Inc.*, 77 F.3d 1270, 1274 (10th Cir. 1996). ERISA preempts all state law claims that "relate to" an ERISA plan regardless of how such claims are pled. *FMC Corp. v. Holiday*, 49 U.S. 52, 58 (1990).

It is evident from the Plaintiff's Petition and from the Liberty Policy that the disability plan at issue is an ERISA plan.[7] Further, the only conduct of Liberty Mutual about which

6 *See* Petition at ¶¶ 3-5, and 9-13.

7 *See* Amended Complaint at ¶ 12; Policy, Exhibit "A"; Plaintiff's allegations in the Complaint and the Policy clearly establish that the disability benefits sought by Plaintiff are sought from a benefit plan "established or maintained by an employer . . . for the purpose of providing for its participants or their

Plaintiff complains in the Petition is Liberty Mutual's denial of Plaintiff's disability benefits under the plan and the administration of his claim for benefits under the plan.[8] Therefore, it is clear that the Court must refer to the policy(ies) issued to Plaintiff's employer and the relevant plan documents in assessing Plaintiff's state law causes of action. Thus, Plaintiff's causes of action directly "relate to" the disability plan and are preempted. *Epps v. NCNB Texas*, 7 F.3d 44, 45 (5th Cir. 1993) (ERISA preempts claims where the court must refer to the plan to determine the plaintiff's benefits).

Indeed, both the Supreme Court and the Fifth Circuit have held that ERISA preempts the state law causes of action asserted by Plaintiff. *See, e.g., Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (breach of contract and fraud causes of action preempted in disability benefits context); *Light v. Blue Cross and Blue Shield of Alabama, Inc.*, 790 F.2d 1247, 1248-49 (5th Cir. 1986) (bad faith and negligent and intentional infliction of emotional distress causes of action preempted); *Metroplex Infusion Care, Inc. v. Lone Star Container Corp.*, 855 F. Supp. 897, 900 (N.D. Tex. 1994); *Hermann Hosp. v. MEBA Medical & Benefit Plan*, F.2d 1286, 1290 (5th Cir. 1988) (fraud and equitable estoppel claims preempted); *Ramirez v. St. Anthony Hotel*, 890 F.2d 760, 763 (5th Cir. 1989) (Texas Deceptive Trade Practices Act and Texas Insurance Code causes of action preempted); *Boren v. N.L. Industries, Inc.*, 889 F2d 1464, 1465 (5th Cir. 1989) (Deceptive Trade Practices Act causes of action preempted in disability benefits context).

Additionally, as reflected by the Complaint, Plaintiff's state law causes of action are in the nature of a complaint "asserting improper processing of a claim for benefits under an ERISA-regulated plan" and this cause of action is clearly preempted by ERISA. *Pilot Life Ins. Co. v.*

---

beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, . . ." 29 U.S.C. § 1002(1); *Memorial Hosp. Sys. V. Northbrook Life Ins. Co.*, 904 F.2d 236 (5th Cir. 1990).

[8] *See* Amended Complaint at ¶ 37.

*Dedeaux,* 481 U.S. 41, 55-56 (1987) ("all suits brought by beneficiaries asserting improper processing of claims under ERISA-regulated plans [will] be treated as federal questions governed by [ERISA's civil enforcement mechanisms].") ERISA regulates employee benefit plans that "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death." *Pilot Life Ins. Co.,* 481 U.S. at 44. Accordingly, all of Plaintiff's state law causes of action in the Complaint are clearly preempted by ERISA, and this Motion to Dismiss should be granted.

**C. <u>Liberty Mutual Must Be Dismissed from this Action Because It is Neither the Issuer of the Policy nor Named in the Policy.</u>**

Plaintiff asserts that he purchased insurance policies from Liberty Mutual and The Hartford Insurance Company through his employment with Republic Beverage Company ("Republic") and that he paid premiums to Defendants entitling him to benefits.[9] However, as reflected by the terms of the Liberty Policy itself, the issuer of the Liberty Policy is Liberty Life Assurance Company of Boston[10] and not Liberty Mutual, which is a wholly separate entity. Based on the face of the Liberty Policy, Liberty Mutual is not the issuer of the Policy, and the Policy consistently refers to Liberty Life Assurance Company of Boston throughout its contents. Accordingly, the Complaint fails to state any claim against Liberty Mutual upon which relief may be granted, Liberty Mutual is not a proper defendant to this action, and Liberty Mutual should be dismissed from this action.

## III.

## <u>REQUEST FOR RELIEF</u>

Liberty Mutual is not a party to or an issuer of any Policy that is the subject of this action. For the reasons and authorities discussed above, Liberty Mutual respectfully requests that the

[9] *See* Petition at ¶¶ 3-5.
[10] *See* Policy, Exhibit "A" at Liberty/Brennan 001.

Court dismiss it from this action and grant it such other relief to which it may show itself entitled. Further, Liberty Mutual requests the Court dismiss Plaintiff's Petition against it with prejudice, award Liberty Mutual its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and grant Liberty Mutual any other relief to which it shows itself justly entitled.

Respectfully submitted,

**PHELPS DUNBAR, LLP**

*/s/ James H. Gilbert*
Lindsay Calhoun (Bar #35070)
James H. Gilbert (Bar #36468)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: lindsay.calhoun@phelps.com
james.gilbert@phelps.com

- And -

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560) *Pro Hac Vice* Pending
17304 Preston Road, Suite 800
Dallas, Texas 75252
Telephone: (214) 579-9319
Facsimile: (469) 444-6456
Email: iwana@rademaekerslaw.com

**COUNSEL FOR DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY**